**IN RE: OCWEN LOAN SERVICING, LLC, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) LITIGATION.**

MDL No. 2484.

United States Judicial Panel on Multidistrict Litigation.

Dec. 16, 2013.

Before JOHN G. HEYBURN II, Chairman, PAUL J. BARBADORO, CHARLES R. BREYER, LEWIS A. KAPLAN, SARAH S. VANCE, and ELLEN SEGAL HUVELLE, Judges of the Panel.

---

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in one Southern District of Alabama action (*Payton*) move for centralization of this litigation in the Northern District of Georgia[1] This litigation currently consists of five actions pending in four districts, as listed on Schedule A. All actions concern a standardized letter that Ocwen Loan Servicing, LLC ("Ocwen") sent to borrowers in February 2013, following its acquisition of the rights to service certain mortgage loans formerly serviced by GMAC Mortgage Loan Servicing ("GMAC") and other subsidiaries of Residential Capital, LLC. Plaintiffs in all actions contend that the letter is incomplete or misleading with respect to their rights under the Fair Debt Collection Practices Act. Plaintiff in the Northern District of Georgia action and defendant Ocwen oppose centralization, but in the alternative, support selection of that district. Plaintiffs in the other four actions support the motion.

On the basis of the papers filed and the hearing session held, we will deny the motion. The Panel is not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. The Northern District of Georgia recently granted preliminary approval of a proposed nationwide class settlement which will be given final consideration in a few months.[2] Additionally, the courts in three actions entered stays based on the first-filed rule, in deference to the Northern District of Georgia action. Centralization at this time could delay the proceedings on the proposed settlement and result in additional expense for the litigants and the courts in establishing an MDL proceeding with little or no benefit. *See Pilot Flying J Fuel Rebate Contract Litig.*, 959 F.Supp.2d 1373, 1374, 2013 WL 4041557, at *1 (J.P.M.L. Aug. 8, 2013); *accord In re Power Balance, LLC Mktg. & Sales Practices Litig.*, 777 F.Supp.2d 1345, 1345–46 (J.P.M.L.2011). If plaintiffs who have not participated in settlement discussions wish to object to or opt out of the proposed settlement, there are suitable mechanisms in place by which they may do so without the need for centralization. *See Pilot Flying J Fuel Rebate Contract Litig.*, 959 F.Supp.2d at 1374, 2013 WL 4041557, at *1.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the motion for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2484 — **IN RE: OCWEN LOAN SERVICING, LLC, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) LITIGATION**

*Southern District of Alabama*

*Jeffrey D. Terrell, et al. v. Ocwen Loan Servicing, LLC,* Bky. Advy. No. 1:13–00040

*Charles L. Payton, et al. v. Ocwen Loan Servicing, LLC,* C.A. No. 1:13–00235

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

1. Plaintiffs' initial motion proposed centralization in the Southern District of Alabama, but their supplemental brief requests the Northern District of Georgia in response to developments in the underlying dockets.

2. In the Northern District of Georgia action, the court entered an order on November 26, 2013, granting preliminary approval of the proposed class settlement, preliminarily certifying a nationwide class, and enjoining the prosecution of related actions arising out of the February 2013 debt validation letter. The final fairness hearing is set for April 17, 2014.

*Northern District of Florida*

*Rufus Walden, et al. v. Ocwen Loan Servicing, LLC,* C.A. No. 4:13–00361

*Northern District of Georgia*

*Julie Sciortino, et al. v. Ocwen Loan Servicing, LLC,* C.A. No. 1:13–00732

*Southern District of Iowa*

*Todd Struthers, et al. v. Ocwen Loan Servicing, LLC,* CA. No. 4:13–00189